IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOHNATHAN L. WILBANKS**                                                               **MOVANT**

**v.**                                                         **No. 3:17CR33-SA-RP**

**UNITED STATES OF AMERICA**                                        **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Jonathan Wilbanks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion; Wilbanks has replied, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2255**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

> 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6 - 7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

In August 2017, the Federal Grand Jury returned a multi-count Superseding indictment against Jackie Brooks, et. al. Johnathan Wilbanks was charged in Count 12 with being a

convicted felon in possession of a firearm in violation of Title 18, U.S.C. § 922(g)(1) and 924(a)(2). Doc. 103.

**Change of Plea**

On April 2, 2018, Wilbanks pled guilty to Count Twelve, having been previously convicted of a felony offense, he knowingly possessed a firearm in and affecting interstate commerce, a Taurus, Model PT-145, .45 Caliber, semi-automatic pistol, in violation of Title 18, U.S.C. § 922(g)(1) and 924(a)(2). At the change of plea hearing, he admitted to the elements of the offense, including that he was a convicted felon. Wilbanks agreed with the government's factual basis that he was, in fact, "…convicted in—on or about September 28, 2012, in Hopkins County, Texas, 8th District Court, of a state jail felony; that is, attempted possession of marijuana, more than 5 pounds but less than 50 pounds, which is a crime… punishable by a term exceeding one year in the State of Texas." Furthermore, Wilbanks … agrees and stipulates that this conviction—this Texas offense satisfies the predicate felony offense element… he was convicted of the felony version…therefore it fits the felony offense definition of Title 18, United States Code, Section 922(g)(1)." See Change of Plea Tr., p. 15, attached as Exhibit "A" to the Government's Response. Wilbanks agreed that this was "true and correct" and that he was entering the plea because he was in fact guilty. The court found Wilbanks' plea to be knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense. Change of Plea Tr., p. 16.

**Sentencing Hearing**

Following his change of plea, the United States Probation Service prepared a Pre-Sentence Investigation Report ("PSR") which yielded a base offense level of 14. Paragraph 16 of the PSR stated, in relevant part, "…[t]he defendant neither denied nor contested the facts the

Court determined to be true…[w]hen interviewed by the probation officer, the defendant once again agreed with the factual resume presented at the change of plea hearing." See PSR, ¶ 12, 16, 29.

However, for other reasons, Probation found that Wilbanks had not acted in a manner consistent with acceptance of responsibility – and thus recommended that he receive no reduction of his total guideline level. His prior conviction for "attempted possession of marijuana less than 50 lbs., but more than 5 lbs; 8th District Court, Sulpher Springs, TX" was again referenced in paragraphs 12 and 29 of the PSR. PSR, ¶ 12, 29. With a guideline level 14 and criminal history score of II, Wilbanks' suggested guideline imprisonment range was 18 to 24 months. PSR, ¶ 59.

Mr. Wilbanks filed no objections to the PSR. The court held sentencing on or about August 24, 2018, and he was sentenced to 18 months imprisonment, followed by 3 years of supervised release, a within-guideline sentence. Doc. # 267. He did not object to his sentence; nor did he pursue a direct appeal. On August 23, 2019, approximately one year later, Wilbanks filed his *pro se* 28 U.S.C. § 2255 motion, presenting the following claim for relief: He did not know he was a convicted felon and thus entered an unknowing and involuntary guilty plea to the crime of possession of a firearm by a convicted felon.

**Discussion**

Wilbanks' claim that he did not know he was a convicted felon and entered an unknowing or involuntary guilty plea is: (1) procedurally defaulted because he could have raised this issue on direct appeal, but did not; and (2) squarely refuted by the record in this case. The Movant, Johnathan Wilbanks, has not raised a cognizable claim in his 28 U.S.C. § 2255 petition. He did not pursue a direct appeal of his guilty plea. His plea of guilty to possession of a firearm

by a convicted felon was supported by the undisputed facts of this case, including his own admission and stipulation that his prior conviction was, in fact, a felony offense as defined by statute.

### The Doctrines of Procedural Default and Procedural Bar

A defendant may not raise issues in his § 2255 motion, other than ineffective assistance of counsel, that he could have raised on direct appeal. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). This doctrine is known as *procedural default.* Similarly, if an inmate has raised an issue on direct appeal, and the Fifth Circuit decided the issue against him, the court may not consider them on collateral review: "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). This doctrine is known as *procedural bar*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a § 2255 movant's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he may overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief on direct appeal. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993) (in the § 2254 context).[1] To establish prejudice, a movant must

---

[1] The doctrines of procedural default and procedural bar operate in a similar manner, whether during a collateral challenge to a state conviction under 28 U.S.C. § 2254, or to a federal conviction under 28 U.S.C. § 2255:

> The procedural default doctrine applies to state prisoners seeking relief under 28 U.S.C.A. § 2254 and federal prisoners seeking relief under 28 U.S.C.A. § 2255.

show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a movant fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, … he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (internal citations omitted). Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc).

Mr. Wilbanks has not identified any valid "cause" as to why he failed to pursue a direct appeal. There is no evidence of any interference or any other external factor that rendered him unable to file an appeal. He has not shown that a factual or legal basis for his claim was unavailable for a prior appeal. Instead, in his motion, Mr. Wilbanks states only that, "[t]he legal

---

§ 24:3. General principles, Postconviction Remedies § 24:3. Thus, the court will cite authority in both contexts on this issue.

basis for this claim was not reasonably available to movant on direct appeal…" He argues in his Reply that his claims are *not* defaulted because *Rehaif* had not been decided by the time his deadline for appeal expired. This court entered judgment in this case on August 29, 2018, and *Rehaif* was decided in June 2019. A movant can show cause for his default when a constitutional claim is "so novel that its legal basis is not reasonably available to counsel" at the time the defendant could have appealed his conviction. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). In the instant case, however, Mr. Wilbanks has not made this showing.

Before the Supreme Court's decision in *Rehaif*, many lower court decisions held that the government did not have to prove *mens rea* to convict a defendant under § 922(g). *See Bousley*, 523 U.S. at 623 ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (citation omitted). Indeed, this issue was litigated in federal courts for many years before entry of Wilbanks' guilty plea. *See United States v. Butler*, 637 F.3d 519, 524 (5th Cir. 2011) (collecting cases across the federal circuits examining whether the government must prove the defendant's knowledge of his prohibited status to establish a violation of § 922(g)); *United States v. Bryant*, No. 11 CR 765 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) ("The issue decided in *Rehaif* was percolating in the courts for years.") (collecting cases). Hence, Wilbanks has not shown that the legal basis for his *Rehaif* claim was not reasonably available to him when he was originally before this court and decided not to seek a direct appeal. *See Bousley*, 523 U.S. at 622. As such, Mr. Wilbanks has not shown cause, and, as discussed below, neither has he shown he would suffer a fundamental miscarriage of justice if the court applied the default.

Mr. Wilbanks alleges that he may make use of the fundamental miscarriage of justice because, "as a factual matter, … he did not commit the crime of conviction." *Fairman*, 188 F.3d at 644. As discussed in detail below, this argument is squarely contradicted in the record. For these

reasons, Mr. Wilbanks has procedurally defaulted his claims, and the instant motion to vacate, set aside, or correct sentence must be dismissed.

### Mr. Wilbanks' Claims Under *Rehaif* Are Without Merit

Mr. Wilbanks' claim is that the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) renders his plea involuntary and unknowing. As discussed above, he defaulted this claim, as did not raise it on direct appeal. The claim is also without substantive merit.

In *Rehaif,* the Court held: in a prosecution under § 922(g), the "Government must prove both that the defendant knew he possessed a firearm *and that he knew he belonged to the relevant category of persons barred from possessing a firearm*." *Id*. at 220 (emphasis added). *Rehaif* requires the government to prove that the defendant knew the facts that made his possession of a firearm unlawful. Indeed, he admitted and stipulated to these facts during his change of plea hearing and sentencing.

Since the Supreme Court's ruling in *Rehaif*, the Fifth Circuit has decided cases similar to the present one. In *United States v. Denson*, 774 F. App'x 184 (2019), the defendant challenged the sufficiency of the factual basis offered in support of his guilty plea, arguing the district court committed plain error by accepting the factual basis offered in support of his guilty plea without proof he knew he was a convicted felon. The court found that it may "scan the entire record for supporting facts supporting his conviction." *Id* at 185; citing *United States v. Ortiz*, 927 F.3d 868, 872-73 (5th Cir. 2019) (quoting *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). The presentence investigation report, which was adopted by the district court stated that the defendant, "admitted he knowingly possessed…the firearm and had been previously convicted of felony offenses," then referenced his previous felony conviction of possession of marijuana in Texas. *Id*. The PSR noted that the defendant "admitted the facts in the factual resume," and by

doing so "stipulated" that, prior to the instant offense, he had been convicted of a "felony offense." The court found that, because the record showed facts supporting his guilty plea – including his knowledge that he was a felon, there was no clear error. *Id*.

Similarly, in *United States v. Harris*, No. 18-11478, 2019 WL 6833842, at *1 (5th Cir. Dec. 13, 2019) the defendant argued that the factual basis for his guilty plea to § 922(g)(1) was insufficient in light of *Rehaif*. Again, the court found in review of the entire record that: "the agreed factual basis stated that Harris had been previously convicted of a felony offense…; the PSR contained a description of that felony…; and Harris failed to dispute the district court's finding, as adopted from the PSR, that he knew he was a felon prohibited from purchasing firearms." *Id*. Hence, even after *Rehaif*, the court affirmed Harris' conviction, finding that he had failed to show any clear or obvious error.

Although Wilbanks' motion states, "[t]he district court committed plain error by failing to inform movant of an essential element of the offense of conviction: thereby rendering movant's guilty plea unintelligent, uninformed, and involuntary…", this contradicts his own admissions, the factual basis, and the plea colloquy conducted by the Court at the change of plea hearing. Wilbanks argues further that "…[i]n other words…he lacked the requisite knowledge or *mens rea* that he was a convicted felon, as required by 18 U.S.C. § 922(g)." Petitioner's Motion, p. 4). The same facts were contained in the PSR and Wilbanks did not object. At the change of plea hearing, he agreed with and stipulated to the government's statement of facts…

> The government would show the defendant, previously convicted of a felony offense, possessed a firearm on approximately February 11, 2017 in the Northern District of Mississippi. Specifically, on that date, state and federal law enforcement agents executed a search warrant at the residence of Jackie and Tammy Brooks in Benton County, Ashland, Mississippi. During the execution of the search warrant, the defendant—the defendant was found present on the property, and a search of his person revealed that he possessed a Taurus, Model PT145 Pro, .45 caliber semi-

> automatic pistol. The government would show that the defendant was convicted in – on or about September 28, 2012, in Hopkins County, Texas, 8th District Court, of a state jail felony; that is attempted possession of marijuana, more than 5 pounds but less than 50 pounds, which is a crime, your Honor, which is punishable by a term exceeding one year in the state of Texas. And the specific cause number he was convicted of that crime, Cause Number 11-22-519. The ***defendant agrees and stipulates that this conviction—this Texas offense satisfies the predicate felony offense element***. It's a strange statute your Honor, but it can be prosecuted, and he was convicted of the felony version of it. So, therefore, it fits the felony offense definition of Title 18, United States Code, Section 922(g)(1)….

Sentencing Tr. p. 14-15. (emphasis added).

Wilbanks then told the court that he understood everything presented by the government in the factual basis and that it was "true and correct." Plea Tr. p. 16. The PSR contained the same facts, which Wilbanks did not contest at sentencing. (PSR ¶ 11, 12). Therefore, a review of the record in its entirety reveals facts supporting Wilbanks' conviction.

## Conclusion

There is no evidence in the record to suggest that Mr. Wilbanks' plea was not knowing and voluntary; indeed, the record reveals the opposite. The court's direct questioning on this point prior to accepting Wilbanks' guilty plea established the knowing and voluntary nature of the plea. Mr. Wilbanks agreed with the factual basis of the plea – and did not object to the PSR. An inmate challenging his guilty plea on collateral review must overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity"). Wilbanks' sworn statements at his plea hearing

showed that his plea was knowing and voluntary – not the product of force, threat or coercion – and that he was pleading guilty because he was in fact guilty. (Plea Tr. p. 16-17). Mr. Wilbanks has offered no evidence to support his claim that his guilty plea was not intelligently made.

In sum, the Movant's claims are both procedurally defaulted and without substantive merit, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 11th day of May, 2022.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE